# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY FAEGIN, an individual on behalf of himself, and ANA MARQUEZ, an individual on behalf of herself,<br><br>                    Plaintiffs,<br>vs.<br>LIVINGSOCIAL, INC., a Delaware corporation authorized to do business in the state of California, DEONTEE' HICKERSON, and individual, DAVID THORNTON, an individual, and TIFFANY HARRIS, and individual,<br>                    Defendants. | CASE NO. 14cv00418-WQH-KSC<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Order Permitting Service of Defendants Deontee' Hickerson, David Thornton, and Tiffany Harris by Publication. (ECF No. 13).

## BACKGROUND

On February 2, 2014, Plaintiffs Troy Faegin, and Ana Marquez initiated this action by filing a Complaint against Defendants LivingSocial, Inc. ("LivingSocial"), Deontee' Hickerson, and David Thornton. (ECF No. 1). On June 17, 2014, Plaintiff filed the First Amended Complaint ("FAC"), adding Defendant Tiffany Harris. (ECF No 7).

On March July 9, 2014, LivingSocial filed the Motion to Compel Arbitration. (ECF No. 10). On August 25, 2014, Plaintiff filed an opposition. (ECF No. 11). On

August 29, 2014, LivingSocial filed a reply. (ECF No 14.)

On August 26, 2014, Plaintiffs filed a Motion for Order Permitting Service of Defendants Deontee' Hickerson ("Hickerson"), David Thornton ("Thornton"), and Tiffany Harris ("Harris") by Publication ("Motion for Service by Publication"). (ECF No. 13). Plaintiffs assert that they have attempted to serve Defendants Hickerson, Thornton, and Harris numerous times, but have been unable to successfully effectuate personal or substituted service. (ECF No. 13-1 at 3).

## DISCUSSION

Rule 4(e)(1) of the Federal Rules of Civil Procedure allows service by any means permitted by the law of the state in which the case is pending, or the state in which the Defendant resides. *See* Fed. R. Civ. P. 4(e)(1). Under California law, "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article." Cal. Civ. Proc. Code § 415.50.

California courts impose a high standard of diligence before approving use of publication and strictly construe the statutory provisions for service by publication. *See Olvera v. Olvera*, 232 Cal. App. 3d 32, 41 (Ct. App. 1991) ("When substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes is required."); *Sanford v. Smith* (1970) 11 Cal. App. 3d 991, 1001-02 (approving the standards of diligence required by the local rules of Los Angeles Superior Court: recent inquiries of all relatives, friends, and other persons likely to know defendant's whereabouts; searches of city directories, telephone directories, tax rolls, and register of voters; and inquiries made of occupants of all real estate involved in the litigation). Service by publication is permissible "*only as a last resort*." *Donel, Inc. v. Badalian,*, 87 Cal. App. 3d 327, 332 (Ct. App. 1978). (emphasis added).

James M. Treglio ("Treglio"), Counsel for Plaintiffs, submitted an Affidavit in Support of Plaintiffs' Motion for Service by Publication ("Affidavit"). (ECF No. 13-2).

In the Affidavit, Treglio states that "[o]n April 29, 2014, [Treglio's] office hired Bennet Crisp ("Crisp"), a registered process server and private investigator in Savannah, Georgia, to personally serve Defendant Hickerson at his last known address in Hinseville, Georgia." (ECF No. 13-2 at 2). The record shows that Crisp also attempted to serve Defendant Hickerson at 7399 East Oglethorpe Highway, Midway, Georgia and that Defendant Thornton's mother answered the door. (ECF No. 13-2 at 6). Thornton's mother indicated that Defendant Thornton may live in Hinesville, but "was not clear on that." *Id.*

The Affidavit states that "[o]n April 29, 2014, Crisp also attempted to serve Defendant Thornton at his last known address in Midway, Georgia." (ECF No. 13-2 at 2). The record shows Crisp attempted service at an address in Hinesville, Georgia, but the subject was unknown. (ECF No. 13-2 at 8). The current resident indicated that he bought the residence in 1987. *Id*.

The Affidavit states that "[o]n July 16, 2014, [Treglio's] office again hired Crisp to personally serve Tiffany Harris in Hinesville, Georgia. [] Crisp stated that the last known address for Defendant Harris was inside a mobile home park and that the property manager stated that Defendant Harris moved out on July 7, 2014." (ECF No. 13-2 at 2). The record shows that no forwarding address was left and a credit header and phone search showed no new address for Defendant Harris. (ECF No 13-2, Exh. 3). The record shows Crisp discovered that Defendant Harris was using at least one fake social security number and several false names. (ECF No. 13-2, Exh. 4). The record further shows that Crisp recommended that Treglio use DELVE in Atlanta to locate Defendant Harris. *Id*.

The Affidavit states that "[i]n or around June 2013, [Treglio] personally called the telephone number listed on At Your Service Housekeeping's web site and spoke with a woman believed to be Defendant Harris. When [Treglio] requested a designated agent for service of process, the woman refused to provide an agent and ended the call. The web site and telephone number are no longer active." (ECF No. 13 at 2-3).

The Affidavit states that "[o]n various occasions, between mid-March 2014 and August 15, 2014, [Treglio] directed individuals in [his] office to conduct on-line research in an effort to locate Defendants. Such research included checking electronic databases, including Spokeo and Intelius, social media web site, such as Facebook, Yelp, and Google+, and Liberty County, Georgia property tax records and court records. [Treglio's] office also searched California and Georgia business license records." (ECF No. 13-2 at 3).

The Affidavit further states that "[u]sing on-line mapping software, [Treglio's] office determined that the business address listed for At Your Service Housekeeping is a non-existing address." *Id*.

The Court concludes that Plaintiffs have not exhausted the myriad of other avenues by which Plaintiffs could discover the location of the Defendants. *See Donel*, 87 Cal. App. 3d. at 333 (finding diligence standard was not satisfied when Plaintiff failed to "exhaust the myriad of other avenues"); *see Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1137-38 (1996) ("A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, ... and by investigation of ... the voters' register ... near the defendant's last known location are generally sufficient. These are likely sources of information, and consequently *must* be searched before resorting to service by publication.) (emphasis added); *see also In re Matthew S.*, 201 Cal. App. 3d 315, 319 (Ct. App. 1988) (finding the reasonable diligence standard satisfied when, among other things, inquiries were made through the Department of Motor Vehicles, voter registration, and appellant's parents). The record indicates that Plaintiffs have made a limited inquiry of relatives and acquaintances. Treglio's Declaration asserts that Crisp attempted to serve Defendant Thornton at his last known address in Midway, Georgia, but the record indicates that Crisp attempted to serve Defendant Thornton at an address in Hinesville, Georgia. (ECF No. 13-2 at 2, 8). The record further shows that Crisp recommended using Delve in Atlanta to locate Defendant Harris, but there is no indication that Plaintiffs followed up on Crisp's

recommendation. (ECF No. 13-2 at 12). The Court finds that Plaintiffs have not satisfied the high standard of diligence required for service by publication.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Motion for Order Permitting Service of Defendants Deontee' Hickerson, David Thornton, and Tiffany Harris by Publication (ECF No. 13) is DENIED.

DATED: October 22, 2014

**WILLIAM Q. HAYES**
United States District Judge